977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roderick Jones PETTIGREW, Plaintiff-Appellant,
v.
Charles BASS, Assistant Commissioner, Tennessee Department
of Corrections, Defendant-Appellee,
Carl Smith; Donald Levy; Becky Bolton; Tennessee
Department of Corrections, Defendants.
 No. 92-5373.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals the district court's summary judgment granting qualified immunity to the defendant-appellee in this civil rights action filed under 42 U.S.C. § 1983. He also appeals the order dismissing claims against remaining defendants as frivolous under 28 U.S.C. § 1915(d) and dismissing a challenge to his parole release date as improvidently brought under 42 U.S.C. § 1983. Appellant requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Roderick Jones Pettigrew complained that he had been denied his due process rights in prison disciplinary proceedings and that his parole release eligibility date had been wrongfully extended. He also alleged that corrections officers used excessive force against him during the incident which gave rise to disciplinary charges of intoxication and assault. Defendants included the corrections officers who filed misconduct reports or testified at the disciplinary hearings (Smith, Levy and Bolton), the warden who affirmed the findings of the disciplinary board (Bass), and the Tennessee Department of Corrections.
 
 
 3
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendant Bass is entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 602 (6th Cir.1988). Bass was acting warden at the institution where Pettigrew was confined during the course of the disciplinary proceedings. As warden, Bass supervised the activities of the disciplinary board, including review of its decisions. According to Bass's affidavit, which Pettigrew does not dispute, Bass conducted his own investigation of claims that the disciplinary proceedings were constitutionally deficient. Following his investigation, Bass affirmed the decision of the disciplinary board and denied Pettigrew's institutional appeal. Because it was not shown that Bass was plainly incompetent or that he knowingly violated the law, he is entitled to qualified immunity. See Hunter v. Bryant, 112 S.Ct. 534, 537 (1991).
 
 
 4
 Next, the district court did not abuse its discretion by dismissing claims against the remaining defendants as frivolous under 28 U.S.C. § 1915(d). See Hernandez v. Denton, 112 S.Ct. 1728, 1734 (1992). However, we note that a dismissal under § 1915(d) is not an adjudication on the merits and does not prejudice the filing of a paid complaint making the same allegations. See id.
 
 
 5
 Finally, Pettigrew's claims that his release date was improperly extended and that excessive force was used against him are not before the court. Because Pettigrew failed to object specifically to the magistrate judge's recommendation that these claims be dismissed. Pettigrew waived his right to appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). To the extent Pettigrew sought to renew his challenge to the extension of his release date through a subsequent motion for injunctive relief, his claim should have been brought in a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).
 
 
 6
 Accordingly, the request for appointment of counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.